THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BRETT ZAHNER, Defendant-Appellant.

Third District    No. 79-62

Opinion filed October 24, 1979.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin, and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of this court:

This is an appeal by the defendant, Brett Zahner, from his conviction, following a jury trial, of involuntary manslaughter. As a result of being found guilty, he was sentenced to 30 months probation with a condition that restitution in the amount of $2,500 be made to the parents of the victim for medical expenses incurred prior to their son's death.

■■ On appeal, the only issue raised is whether the defendant's conviction must be reversed because the evidence established only that an accident occurred. At trial, the defendant, the only living witness to the incident, did not testify. However, his statement to the police on the night of the incident was introduced into evidence.

According to the defendant's statement, he, Danny Guerrero, and the defendant's twin brother, Brick, were engaged in friendly wrestling over a .410 pump shotgun which belonged to the Zahner boys' father. At some point during this play, Brett obtained exclusive possession of the gun. When the wrestling ended, the defendant loaded an empty shell and a live round into the gun. It was the defendant's belief that the shells would fire in the order loaded. However, when the defendant cocked the gun, it went off, fatally wounding Danny Guerrero.

The defendant stated that he did not know the gun was pointed at the victim or that he was pulling the trigger as the shell was jacked into the chamber. Consistent with the defendant's statement, the two police officers first on the scene testified that the defendant was already rendering first aid to the victim when they arrived and that he was cooperative thereafter. Although none of the policemen who testified were ballistics experts, two did state that the gun involved would have fired if the defendant's finger had been on the trigger when the shell was pumped into the chamber. Another officer, who initially examined the gun, testified that he found two empty shells beside it and a third empty shell inside.

■■ The four elements which must be proven beyond a reasonable doubt to support a conviction for involuntary manslaughter are: (1) The defendant must have done an act, (2) which caused the death of another, (3) and his act, which was such as was likely to cause death or great bodily harm, (4) was performed recklessly. (Ill. Rev. Stat. 1977, ch. 38, par. 9—3(a); *People v. York* (1978), 57 Ill. App. 3d 243, 373 N.E.2d 90.) Of these elements, the defendant challenges only the proof of recklessness.

> "A person is reckless or acts recklessly, when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, described by the statute defining the offense; and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." (Ill. Rev. Stat. 1977, ch. 38, par. 4—6.)

Since recklessness, like any other mental state, is to be inferred from the surrounding circumstances (*People v. York* (1978), 57 Ill. App. 3d 243, 373 N.E.2d 90), whether a person's act is reckless is a jury question. (*People v. Kelly* (1975), 24 Ill. App. 3d 1018, 322 N.E.2d 527.) Where, as in this case, the facts could lead to either of two inferences, a reviewing court will not substitute its judgment for that of the jury unless the inference of mental

state accepted by the jury is inherently impossible or unreasonable. *People v. York* (1978), 57 Ill. App. 3d 243, 373 N.E.2d 90.

We cannot say that the inference that the defendant acted recklessly was inherently impossible or unreasonable. Nor does the only case cited by the defendant persuade us otherwise. In *People v. Spani* (1977), 46 Ill. App. 3d 777, 361 N.E.2d 377, the trial judge, following a bench trial, referred to the incident as an accident and then found that the defendant had acted recklessly. The trier of fact in the case at bar was a jury, and nothing in the record establishes that the jury found recklessness in spite of believing the incident to be accidental.

■■ The instant defendant complains that the jury may have been confused by the closing argument of the prosecuting attorney. Said the prosecuting attorney, "There are accidents and there are accidents. And accidents, that word covers a lot of different situations * * *." This statement was made, however, after the prosecutor explained the theory of the State to be that, although the defendant had not acted intentionally, his conduct was more than a mere accident or negligence. In this context, it is doubtful that the jury was confused by this statement. In any event, the trial judge instructed the jury on the definitions of recklessness and negligence, and these instructions, which the jury is bound to follow and to which the defendant has not raised an objection, were sufficient to clarify any confusion which might have resulted from the prosecutor's statement. Furthermore, a review of the entire closing argument of the prosecutor demonstrates that he clarified the matter himself by giving examples of negligent acts and reckless acts. We do not believe these isolated remarks, to which the defendant interposed no objection, are sufficient to establish on the record that the jury found recklessness in spite of believing the incident to be accidental.

Accordingly, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.